UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN MILITO, | CASE NO. C25-1664JLR |
| Plaintiff, | ORDER |
| v. | |
| LUCID GROUP USA INC., et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is Plaintiff John Milito's motion to remand this matter to state court. (MTR (Dkt. # 10); Reply (Dkt. # 13).)  Defendants Lucid Group USA, Inc. and Lucid USA, Inc. (together, "Lucid USA") oppose the motion. (Resp. (Dkt. # 11).)  The court has reviewed the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised,[1] the court GRANTS Mr. Milito's motion to remand.

---

[1] The parties do not request oral argument, and the court concludes that oral argument is not necessary to decide the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

## II. BACKGROUND

Mr. Milito alleges that Lucid USA and other yet unknown Washington entities (collectively, "Defendants") violated the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, by publishing defective job postings that did not disclose the wage scale and benefits being offered to the hired applicant. (Compl. (Dkt. # 1-1) ¶¶ 1-2, 10.) Mr. Milito initiated this putative class action in King County Superior Court on July 22, 2025. (*See* 8/28/25 Not. (Dkt. # 1) at 2.) On August 28, 2025, Lucid USA removed this case to this court, asserting that federal jurisdiction is proper based on 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"), as well as 28 U.S.C. § 1332(a), diversity jurisdiction. (*Id.* at 3-8.) On September 26, 2025, Mr. Milito moved to remand this action to state court for lack of Article III standing, failure to establish that the requisite amount in controversy exists for diversity jurisdiction, and failure to establish the requisite numerosity or amount in controversy for CAFA. (*See* MTR at 1-2.)

On September 4, 2025, the Washington Supreme Court issued its decision in *Branson v. Washington Fine Wine & Spirits, LLC*, 574 P.3d 1031 (Wash. 2025). The Court addressed the question of what a plaintiff must prove to be considered a "job applicant" within the meaning of RCW 49.58.110(4)—and specifically, whether the applicant must prove they are a *bona fide* applicant. *Branson*, 574 P.3d at 1034. The Washington Supreme Court held:

> A job applicant need not prove they are a 'bona fide' applicant to be deemed a 'job applicant.' Rather, in accordance with the plain language of RCW 49.58.110(4), a person must apply to any solicitation intended to recruit job

> applicants for a specific available position to be considered a 'job applicant,' regardless of the person's subjective intent in applying for the specific position.

*Id*. at 1040. Briefing on Mr. Milito's motion to remand is complete and the issue is ripe for the court's review.

## III. ANALYSIS

As discussed below, the court concludes that Mr. Milito lacks standing to pursue his EPOA claim in federal court. Therefore, the court grants Mr. Milito's motion to remand.

A defendant may remove a case initially filed in state court to federal court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). The court construes removal jurisdiction in favor of remand to protect state court jurisdiction. *Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 698 (9th Cir. 2005). Because removal and subject matter jurisdiction statutes are "strictly construed," a "defendant seeking removal has the burden to establish that removal is proper." *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A*., 761 F.3d 1027, 1034 (9th Cir. 2014) (citing *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)). If there is any doubt as to the right of removal, the court must reject jurisdiction. *Id*. If the plaintiff lacks Article III standing to pursue its case in federal court, the court must remand the case rather than dismiss it. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

The parties dispute whether Mr. Milito has Article III standing in this court. (*See* MTR at 3-9 (arguing Mr. Milito does not have standing because he failed to allege he

was a *bona fide* applicant, or that that he engaged in pay negotiations or was offered an interview); *see* Resp. at 9-15 (arguing dismissal, rather than remand, is appropriate if the court believes it lacks jurisdiction because Mr. Milito "explicitly argues he has not alleged any injury-in-fact" and "Washington courts, like federal courts, require a plaintiff to have standing to pursue a claim.").) Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit[,]" *Warth v. Seldin*, 422 U.S. 490, 498 (1975), and standing requirements "can neither be waived by the parties nor ignored by the court[.]" *Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 932 n.17 (9th Cir. 2011). In a challenge to Article III standing, "[t]he burden of showing that there is standing rests on the shoulders of the party asserting" that standing is proper in the case. *Smelt v. Cty. of Orange*, 447 F.3d 673, 682 (9th Cir. 2006) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

To establish standing and successfully challenge the motion to remand, Lucid USA must show that Mr. Milito has suffered an injury-in-fact that is (1) concrete and particularized, (2) actual or imminent, (3) fairly traceable to Defendants' conduct, and (4) likely to be redressed by a favorable decision. *Cal. Sea Urchin Comm'n v. Bean*, 883 F.3d 1173, 1180 (9th Cir. 2018), *as amended* (Apr. 18, 2018). To decide whether a statutory violation constitutes a concrete harm or injury-in-fact, the court considers (1) "whether the statutory provisions at issue were established to protect . . . concrete interests (as opposed to purely procedural rights)" and (2) "whether the specific procedural violations alleged in [the] case actually harm, or present a material risk of

harm to, such interests." *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021).

The court concludes that Lucid USA fails to meet its burden to show Mr. Milito has standing and that removal to this court is proper. *Smelt*, 447 F.3d at 682. Lucid USA has not shown that Mr. Milito suffered an injury that was concrete and particularized or actual or imminent. *Lujan*, 504 U.S. at 560-61. Lucid USA also has not shown that Mr. Milito has alleged a "material risk of harm[.]" *Magadia*, 999 F.3d at 679. Mr. Milito asserts that the withheld pay scale and wage range information, caused him to "los[e] valuable time," affected his "ability to negotiate," and left him "unable to evaluate the pay and benefits for the position and compare it to other available positions in the marketplace." (Compl. ¶¶ 29-33.) However, these allegations do not demonstrate that Mr. Milito suffered any actual injuries that the EPOA was intended to prevent, such as unfair pay negotiations or wasting time in interviews. *Hill v. ACV Auctions Inc.*, No. C25-0616MJP, 2025 WL 1582249, at *3 (W.D. Wash. June 4, 2025). Mr. Milito has not alleged that he was offered an interview, that he engaged in any pay negotiations, or that he was even qualified for the position. The time Mr. Milito "lost" in submitting his application is not an injury that the EPOA seeks to prevent or redress. *See Partridge v. Heartland Express Inc. of Iowa*, No. C24-5486DGE, 2024 WL 4164245, at *4 (W.D. Wash. Sept. 12, 2024) ("A generalized assertion of time lost, therefore, does not support Article III standing."); *see also Floyd v. Photon Infotech Inc.*, No. C24-01372KKE, 2025 WL 3442736, at *3 (W.D. Wash. Dec. 1, 2025) (internal quotation marks and citation omitted) (observing that "a nominal applicant with no interest in the position will neither

receive a benefit from early pay disclosure nor be harmed by the lack thereof"). Furthermore, the Washington Supreme Court's decision in *Branson* does not change this Court's Article III standing analysis. *See Floyd*, 2025 WL 3442736, at *3 (holding that *Branson* "did not purport to address whether an EPOA violation harms [job applicants'] concrete interests for Article III standing purposes") (citing *Branson*, 574 P.3d at 1040). Therefore, Mr. Milito has failed to identify a concrete and particularized injury sufficient to satisfy Article III standing.

Lucid USA argues that the court should apply the "futility exception" and dismiss the instant matter rather than remand it. (Resp. at 10-13.) Lucid USA contends that "dismissal (rather than remand) is appropriate because [Mr. Milito] explicitly argues he has not alleged any injury-in-fact" and "this admission is fatal to any standing analysis in state court, as well" because "Washington courts, like federal courts, require a plaintiff to have standing to pursue a claim." (*Id*. at 10.) If the court is inclined to remand the case, however, Lucid USA requests 60 days to engage in jurisdictional discovery regarding Mr. Milito's argument that his complaint does not sufficiently allege an injury in fact. (*Id*. at 13-15.)

The court rejects Lucid USA's contention that remand would be futile and the court should dismiss the instant matter, or that jurisdictional discovery is necessary. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded . . . Moreover, the district court generally *must* remand the case to state court, rather than dismiss it." *Polo*, 833 F.3d at 1196 (citations omitted) (emphasis in original). "[A] district court must have 'absolute certainty' that a

state court would 'simply dismiss[ ] the action on remand.' In other words, only when the eventual outcome of a case after remand is so clear as to be foreordained have we held that a district court may dismiss it—to 'prevent[ ] any further waste of valuable judicial time and resources.'" *Id*. at 1198 (citation omitted).  Here, as this court has repeatedly observed, it is not "absolutely certain" and "so clear as to be foreordained" that a state court would dismiss Mr. Milito's claim.  *See Voivod v. Pyramid Theodore Management LLC,* C25-1927JHC, 2025 WL 3540918, at *1 (W.D. Wash. Dec. 10, 2025) (compiling cases).  "[J]urisdictional discovery would not be appropriate in this matter [because] [i]t is apparent on the face of the [c]omplaint that [plaintiff] lacks standing, and none of the jurisdictional discovery [defendant] seeks or would be entitled to would alter that calculus." *Kent v. HCL Techs. Ltd.*, No. C24-1332MJP, 2024 WL 4825383, at *4 (W.D. Wash. Nov. 19, 2024).

Because Lucid USA has not shown that Mr. Milito sufficiently alleged an injury-in-fact, it fails to establish Mr. Milito has Article III standing in this court.  *Cal. Sea Urchin Comm'n v. Bean*, 883 F.3d at 1180.  Therefore, the court grants Mr. Milito's motion to remand.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Mr. Milito's motion to remand (Dkt. # 10).  This case is REMANDED to the King County Superior Court.

Dated this 16th day of December, 2025.

JAMES L. ROBART
United States District Judge